IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN BALLI,

    Plaintiff,

vs.                                                       Civ. No. 99-381 BB/WWD

GIANT INDUSTRIES ARIZONA, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Sanctions for Plaintiff's Failure to Fully Comply with the Court's Order[1] to Compel filed February 23, 2000. No sanctions were imposed in connection with my Memorandum Opinion and Order of January 10, 2000. While numerous deficiencies on the part of the Plaintiff are noted in the motion, Defendant's reply seems to narrow the specific deficiencies still existing to be Plaintiff's failure to provide full and complete answers to Interrogatories 4 and 8. The rest of the reply consists of complaints about tardy performance or non-performance by Plaintiff's counsel and an attack on Plaintiff's counsel's assertion that he has acted in "good faith." Whether Plaintiff's counsel is simply inept or has acted in such a way as to warrant the questioning of his "good faith" is not a question which I have to determine. Plaintiff, presumably through his counsel, has failed to comply fully with my earlier Order. Sanctions are appropriate. I find that Defendant's reasonable

---

[1] The Memorandum Opinion and Order referred to was entered on January 10, 2000. It was not an "Order to Compel"; it was an Order directing Plaintiff to serve, produce, verify, and execute certain material sought by Defendant. Also, it was not entered by William D. Deaton.

-1-

attorney fees for the instant motion would be Four Hundred Dollars ($400.00).  Imposition of a dollar sanction will not cure all the problems raised by the inadequate performance of Plaintiff's counsel.  Defendant has the right to expect full and complete answers to its interrogatories and to expect these answers to be made in compliance with the Federal Rules of Civil Procedure.

**WHEREFORE,**

**IT IS ORDERED** that on or before March 27, 2000, Plaintiff's counsel shall pay to Defendant the sum of Four Hundred Dollars ($400.00) for attorney fees incurred by Defendant in connection with the instant motion.

**IT IS FURTHER ORDERED** that Plaintiff shall be deemed to have answered under oath interrogatories propounded by Defendant which were answered without verification over the signature of Plaintiff's counsel.

**FINALLY, IT IS ORDERED,** that Plaintiff's counsel shall contact the Bill Kitts Mentorship Program, telephone 505-797-6000, for the purpose obtaining instruction as to the proper way in which to answer interrogatories in the United States District Court including the coupling of interrogatories and responses, the use of verifications, and the non-inclusion of non-responsive and self-serving comments by counsel or the Plaintiff as to the way in which the interrogatories are being answered; and that Plaintiff's counsel shall supply the undersigned with a letter indicating the details of his compliance with this requirement.

_____
UNITED STATES MAGISTRATE JUDGE